PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2000 Chevrolet S10 struck several holes while his daughter, Britney Beckett, was traveling on Route 152 near Genoa, Wayne County. Route 152 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incidents giving rise to this claim occurred on April 2,2007, and April 29, 2007. Route 152 is a two-lane highway at the area of the incident involved in this claim. Britney Beckett testified that on April 2, 2007, she was driving on Route 152 when her vehicle struck holes that she had not seen. Ms. Beckett stated that the holes were approximately four inches deep and that her vehicle struck the holes damaging both *45 passenger side tires. She stated on April 29,2007, she was traveling on Route 152 when her vehicle struck several holes. She testified that she had seen the holes previously but had been able to avoid it on other occasions. Ms. Beckett stated that she could not avoid the holes on this occasion because of a truck that was traveling in the oncoming lane of traffic. Claimant’s vehicle struck the holes sustaining damage to both passenger side tires. Claimant’s vehicle sustained damage totaling $316.98.
The position of the respondent is that it did not have actual or constructive notice of the condition on Route 152 at the site of the claimant’s accident for the date in question. Respondent did not present any evidence or witnesses at the hearing of this matter.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the holes which claimant’s vehicle struck and that the holes presented a hazard to the traveling public. The size of the holes and the time of the year in which claimant’s incident occurred leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. However, in at least one of the incidents, claimant’s daughter was aware that there were holes on Route 152 and had avoided them on prior occasions. Therefore, the Court finds that claimant’s daughter was ten percent comparatively negligent, and the reward will be reduced by this amount. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $285.28.
Award of $285.28.